# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 8578 | **DATE** | 4/26/2004 |
| **CASE TITLE** | DIRECTV, Inc. vs. Donald Dillon | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order: Dillon's motion (4-1) to dismiss Counts III and V is denied in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 27 2004 | 12 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 4/26/2004 date mailed notice | |
| GL courtroom deputy's initials | | Date/time received in central Clerk's Office | GL mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DIRECTV, INC., )
         Plaintiff, )
v. ) Case No. 03 C 8578
DONALD DILLON, )
         Defendant. )

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Plaintiff DirecTV, Inc. ("DirecTV") filed a five-count complaint against Donald Dillon ("Dillon") alleging violations of provisions of the Cable Communications Policy Act, 47 U.S.C. § 521 *et seq.*, and the Electronic Communications Privacy Act of 1986, 18 U.S.C. §§ 2510-22, as well as civil conversion under Illinois law. Dillon has moved to dismiss Counts III and V of the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, we deny his motion in its entirety.

### I. BACKGROUND

We accept the following allegations in the complaint as true for the purposes of this motion. DirecTV is a California-based corporation that distributes satellite television by transmitting digitalized video and audio signals to homes and businesses nationwide. The company relays digital signals from the United States to satellites in space, which are then broadcast back to the United States. A fixed outdoor satellite dish captures the signals and transmits them to an indoor receiver which transmits them to a television monitor. To prevent unauthorized reception or use of DirecTV broadcasts, DirecTV utilizes encryption technology to digitally scramble the signal. DirecTV satellite receivers contain a removable access card ("access card") that holds a computer chip. The chip, which is electronically

programmed, stores information necessary to unscramble the signals and permit DirecTV customers to view the programming to which they have subscribed.

DirecTV receives most of its revenue from monthly subscribers. Despite the use of DirecTV encryption techniques, technology has been developed to allow persons to gain unauthorized access to DirecTV's satellite programming by unscrambling the signals. This is accomplished through, *inter alia*, the illegal programming of valid access cards or other "pirate access devices." As a result, DirecTV is deprived of its subscription fees.

According to the complaint, Dillon purchased and used an illegal access device to view DirecTV television programming. He did so without authorization by, or payment to, DirecTV.

## II. STANDARD OF REVIEW

For the purposes of this motion, we must accept as true all well-pleaded allegations in the complaint and draw all reasonable inferences in plaintiff's favor. *Jang v. A.M. Miller & Assocs.*, 122 F.3d 480, 483 (7th Cir. 1997). The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to decide the adequacy of the complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Therefore, a complaint should not be dismissed "unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

## III. ANALYSIS

### A. Count III: Private Right of Action Under 18 U.S.C. § 2512

DirecTV seeks to recover damages for alleged violations of 18 U.S.C. § 2512, part of the Electronic Communications Privacy Act. The statute provides that it is a criminal offense to intentionally manufacture, assemble, possess, or sell any device that is primarily useful for

surreptitiously intercepting wire or electrical communications.[1] 18 U.S.C. § 2512(1)(b). DirecTV seeks damages for Dillon's violation of § 2512 under 18 U.S.C. § 2520, which states "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter" may recover in a civil action. Dillon presents a now-familiar argument that § 2520 does not provide a private cause of action for a violation of § 2512.

District courts across the nation have considered this very same question with conflicting results. Within our jurisdiction, the district courts are similarly divided. *Compare, e.g., DirecTV v. Maraffino*, No. 03-3441, 2004 WL 170306 (N.D. Ill. Jan. 23, 2004) (Lefkow, J.) (concluding § 2520 does not confer a private right of action for violations of § 2512); *DirecTV v. Castillo*, No. 03-3456, 2004 WL 783066 (N.D. Ill. Jan. 2, 2004) (St. Eve, J.) (same); *DirecTV v. Westendorf*, No. 03-50210, 2003 WL 22139786 (N.D. Ill. Sep. 16, 2003) (Reinhard, J.) (same) *with DirecTV v. Dyrhaug*, No. 03-8389, 2004 WL 626822 (N.D. Ill. Mar. 26, 2004) (Shadur, J.) (deciding a violation of § 2512 can give rise to a civil action under § 2520); *DirecTV v. Gatsiolis*, No. 03-3534, 2003 WL 22111097 (N.D. Ill. Sep. 10, 2003) (Coar, J.) (same).

Both sections 2512 and 2520 are included within the United States criminal code. However, section 2520 includes an explicit provision for private civil actions. The operative language provides:

> Except as provided in 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in <u>violation of this chapter</u> may in a civil action recover from the person or entity which <u>engaged in that violation</u> such relief as may be appropriate.

18 U.S.C. § 2520(a) (emphasis added). We interpret the language of the statute as permitting those whose communication has been "intercepted, disclosed, or intentionally used" to bring a suit, rather than

---

[1] In Count II, DirecTV alleges Dillon violated 18 U.S.C. § 2511, which states that it is a criminal act for a person to intentionally intercept, disclose, or use electronic communications, endeavor to accomplish those activities, or procure another person to perform or endeavor to perform those activities. Dillon does not challenge Count II in his motion.

3

as limiting the class of potential defendants. *See, e.g., DirecTV v. Gatsiolis*, No. 03-3534, 2003 WL 22111097, at \*2 (N.D. Ill. Sep. 10, 2003) ("In order to initiate a civil action under this statute, the plaintiff must prove that it is a 'person whose wire, oral or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter.' If the plaintiff can meet that standing threshold, it can then pursue relief from the appropriate defendant (i.e. 'the person or entity ... which engaged in the violation') for a violation of any of the subsections of Chapter 119...") (internal citations omitted). The second clause provides the category of defendants from whom the plaintiff may recover: those who "engaged in that violation." 18 U.S.C. § 2520(a). The phrase "that violation" refers to a violation of the chapter.[2] Because § 2512 lies within the covered chapter, we interpret § 2520(a) as authorizing the recovery of civil damages for a defendant's violation of § 2512. Thus, DirecTV may bring an action against Dillon for intentionally possessing an illegal access device, one of the prohibited acts listed in § 2512(1)(b).

Dillon relies on the decision in *Flowers v. Tandy Corp.*, 773 F.2d 585 (4th Cir. 1985) to support dismissal of Count III. *Flowers* held § 2520 did not permit a private cause of action for violations of § 2512. *Id.* at 588. It reasoned that the language of § 2520 "expressly limits those against whom the private action lies to the person who 'intercepts, discloses, or uses ... such communications.'" *Id.* Therefore, the *Flowers* court permitted civil remedies for violations of § 2511 because the operative language of § 2520(a) tracked closely the offenses set forth in § 2511: interception, disclosure or use. *Id.* at 589. On the other hand, the court determined that the language of § 2520 was "not susceptible to a construction which would provide a cause of action against one who manufactures or sells a device

---

[2] Some courts read the language "that violation" as referring to the interception, disclosure or intentional use mentioned earlier in § 2520(a). *See, e.g., DirecTV v. Maraffino*, No. 03-3441, 2004 WL 170306, \*3 (N.D. Ill. Jan. 23, 2004). We respectfully disagree. We construe the "intercepted, disclosed or intentionally used" language to serve as a standing requirement only.

4

in violation of § 2512 but does not engage in conduct violative of § 2511." *Id.* Here, however, unlike in *Flowers*, DirectTV has alleged more than mere possession of a device in violation of § 2512; the complaint also asserts that Dillon intentionally used the illegal device to intercept satellite communications in violation of § 2511. *See* Compl. ¶¶ 30-33. This allegation both supports the viability of Count II (an alleged violation of § 2511 – not challenged in this motion to dismiss) as well as meets the standing requirement set forth in § 2520(a). As such, the *Flowers* holding is inapposite to this case.

Additionally, the continued viability of the holding in *Flowers* is questionable. *Flowers* was decided prior to the amendment of § 2520 in 1986. The amendment deleted the language that specifically provided for a cause of action "against any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use such communications." *See Flowers*, 773 F.2d at 587 n.2.[3] This is the language relied upon by *Flowers* in reaching its decision. In contrast, the statute now defines a potential defendant as any person who engaged in a violation of the chapter. *See* 18 U.S.C. § 2520(a). Courts nonetheless continue to rely on the holding in *Flowers* interpreting § 2520 as restricting a private cause of action to only those claims involving intercepting, disclosing or intentionally using certain devices in violation of the Act.[4] Given the above discussion, we disagree with

---

[3] The previous version of 18 U.S.C. § 2520 provided:

> Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall (1) have a civil cause of action against any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use such communications, and (2) be entitled to recover from any such person...

*Flowers*, 773 F.2d at 587 n.2.

[4] For instance, the two other cases Dillon cites in his motion, *Ages Group L.P. v. Raytheon Aircraft Co., Inc.*, 22 F. Supp.2d 1310 (M.D. Ala. 1998) and *DirecTV v. Amato*, 269 F. Supp.2d 688 (E.D. Va. 2003) relied on the *Flowers* decision in reaching their conclusions. These cases are persuasive authority only, and given the numerous decisions to the contrary, *see, e.g., DirecTV v. Kitzmiller*, No. 03-3296, 2004 WL 692230 (E.D. Pa. Mar. 31, 2004); *DirecTV v. Drury*, 282 F. Supp.

the opinions which seek to justify the continued vitality of the *Flowers* holding to cases brought under § 2520 as amended. Accordingly, we conclude that neither *Flowers* nor the decisions relying upon *Flowers* alters our determination that DirecTV has stated a claim in Count III.

### B. Count V: Conversion

Dillon also seeks to dismiss Count V which purports to state a claim for conversion. In similar cases brought by DirecTV, motions to dismiss state law conversion counts have also yielded divided results in district courts in our jurisdiction. To succeed on a claim of conversion under Illinois law, a plaintiff must allege that it has a right to the property, it has an absolute and unconditional right to the immediate possession of the property, it has made a demand for possession, and defendant has wrongfully and without authorization assumed control, dominion, or ownership over the property. *Cirrincione v. Johnson*, 184 Ill. 2d 109, 114, 703 N.E.2d 67, 70 (1998). Dillon argues that the property at issue in this case, "digitized video and audio signals," is not property subject to a conversion claim because it is intangible. He supports his position with language from the Supreme Court of Illinois' decision in *In re Thebus*, 108 Ill. 2d 255, 483 N.E.2d 1258 (1985). In that case, Dillon argues, the court stated that an action for conversion lies only for "personal property which is tangible." (Motion, at ¶ 16 (citing *In re Thebus*, 108 Ill.2d at 260)). The phrase that Dillon relies upon is actually one portion of a larger passage that the Supreme Court of Illinois quoted from *American Jurisprudence*. *Id*. The entire passage reveals that not only is the statement broader than the portion submitted by Dillon, but also that the statement refers to a general approach rather than the set rule in Illinois. The passage reads, "[i]t is ordinarily held ... that an action for conversion lies only for personal property which is tangible, or at least represented by or connected with something tangible." *Id*. (quoting 18 Am.Jur.2d *Conversion* §

---

2d 1321 (M.D. Fla. 2003); *DirecTV v. EQ Stuff, Inc.*, 207 F. Supp.2d 1077 (C.D. Cal. 2002), do not alter our opinion.

9, at 164 (1965)). Although some courts have gleaned from this statement that property must be tangible, we find the phrase "at least represented by or connected with something tangible" to be broad enough to encompass satellite signals that are broadcast and captured by DirecTV technology or by an alleged violator. Moreover, a later Illinois appellate court decision specifically explained that in Illinois "parties may recover for conversion of intangible assets." *Stathis v. Geldermann, Inc.*, 295 Ill. App. 3d 844, 856 (1998) (citing *Conant v. Karris*, 165 Ill. App. 3d 783, 792 (1987)).

Finally, the court in *In re Thebus* explained that the subject of a conversion claim must be "an identifiable object of property of which the plaintiff was wrongfully deprived." *Id.* Here, DirecTV has alleged that Dillon wrongfully deprived it of its satellite programming. We find that this is an identifiable object of property. At this stage, viewing the allegations of the complaint in the light most favorable to DirecTV, as we must, we conclude Count V presents a cognizable claim for conversion under Illinois law. *See, e.g., DirecTV v. Dyrhaug*, No. 03-8389, 2004 WL 626822, *2 (N.D. Ill. Mar. 26, 2004) ("Although the issue is not free from doubt, it would appear that the television images received by a claimed violator ... through his assertedly illegal interception and use of DirecTV's electronic communications would satisfy the [conversion] tort's requirements as so articulated, ...").

## IV. CONCLUSION

For the foregoing reasons, Dillon's motion to dismiss Counts III and V is denied in its entirety. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated 4/26/04

7